## NEW YORK CENT. R. CO. v. GRIMSTAD.

(Circuit Court of Appeals, Second Circuit. February 18, 1920.)

### No. 140.

**Master and servant ⊕129(1)—Barge captain's death held not due to want of life-preservers.**

The death of the captain of a barge, who fell overboard when the barge was struck by a passing tug while lying in a slip, and was drowned, being unable to swim, *held* not legally attributable to negligence of the owner of the barge in failing to equip it with life-preservers or buoys, in the absence of any evidence tending to show that the presence of such appliances on board would have saved deceased.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Elfrieda Grimstad, administratrix of the estate of Angell Grimstad, deceased, against the New York Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

Alex. S. Lyman, of New York City (W. Mann, of New York City, of counsel), for plaintiff in error.

T. J. O'Neill, of New York City (L. F. Fish, of New York City, and William F. Lally, of Yonkers, N. Y., of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for the death of Angell Grimstad, captain of the covered barge Grayton, owned by the defendant railroad company. The charge of negligence is failure to equip the barge with proper life-preservers and other necessary and proper appliances, for want of which the decedent, having fallen into the water, was drowned.

The barge was lying on the port side of the steamer Santa Clara, on the north side of Pier 2, Erie Basin, Brooklyn, loaded with sugar in transit from Havana to St. John, N. B. The tug Mary M, entering the slip between Piers 1 and 2, bumped against the barge. The decedent's wife, feeling the shock, came out from the cabin, looked on one side of the barge, and saw nothing, and then went across the deck to the other side, and discovered her husband in the water about 10 feet from the barge holding up his hands out of the water. He did not know how to swim. She immediately ran back into the cabin for a small line, and when she returned with it he had disappeared.

It is admitted that the decedent at the time was engaged in inter-

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state commerce. The court left it to the jury to say whether the defendant was negligent in not equipping the barge with life-preservers and whether, if there had been a life-preserver on board, Grimstad would have been saved from drowning.

The jury found as a fact that the defendant was negligent in not equipping the barge with life-preservers. Life-preservers and life belts are intended to be put on the body of a person before getting into the water, and would have been of no use at all to the decedent. On the other hand, life buoys are intended to be thrown to a person when in the water, and we will treat the charge in the complaint as covering life buoys.

Obviously the proximate cause of the decedent's death was his falling into the water, and in the absence of any testimony whatever on the point, we will assume that this happened without negligence on his part or on the part of the defendant. On the second question, whether a life buoy would have saved the decedent from drowning, we think the jury were left to pure conjecture and speculation. A jury might well conclude that a light near an open hatch or a rail on the side of a vessel's deck would have prevented a person's falling into the hatch or into the water, in the dark. But there is nothing whatever to show that the decedent was not drowned because he did not know how to swim, nor anything to show that, if there had been a life buoy on board, the decedent's wife would have got it in time, that is, sooner than she got the small line, or, if she had, that she would have thrown it so that her husband could have seized it, or, if she did, that he would have seized it, or that, if he did, it would have prevented him from drowning.

The court erred in denying the defendant's motion to dismiss the complaint at the end of the case.

Judgment reversed.